UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CR No. 93-083S |
| : | |
| MOKEEM BACCHUS : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

On November 22, 2010, Defendant filed a Motion to Proceed <u>In Forma Pauperis</u> ("IFP") and for appointment of counsel to represent him in filing a motion under 28 U.S.C. § 2255 to vacate his prior conviction on constitutional grounds. (Document No. 15). In particular, he claims that there was a "defect" in his criminal proceeding because the Government, his attorney and the Court failed to advise him of the "harsh immigration consequence" of pleading guilty. <u>Id.</u>

**Background**

On September 14, 1993, Defendant was indicted on charges of unlawful possession of a firearm by an illegal alien (18 U.S.C. § 922(g)(5)) and illegal reentry into the United States by a previously deported alien (8 U.S.C. § 1326(a)). Pursuant to a plea agreement, Defendant pled guilty to the firearm charge, and the Government agreed to dismiss the illegal reentry charge. On January 14, 1994, Defendant was sentenced to a sixteen-month prison term to be followed by a three-year term of supervised release with a deportation condition. (Document No. 12). Judgment of Conviction entered on January 19, 1994, and there is no record of any appeal or other post-judgment challenge to the conviction or sentence filed by Defendant.

**Discussion**

Although not stated explicitly in his Motion, the Court assumes that Defendant intends to rely upon the U.S. Supreme Court's recent decision in Padilla v. Kentucky, 130 S. Ct. 1473 (March 31, 2010). In Padilla, the Supreme Court ruled that a defense counsel's representation is constitutionally deficient if he fails to advise the defendant of the immigration consequences of his guilty plea. For the following reasons, I recommend that Defendant's Motion (Document No. 15) be DENIED.

First, Defendant has not submitted a financial affidavit or any other financial data to support his assertion of indigency as required by 28 U.S.C. § 1915(a)(1). Second, even if Defendant could establish indigency, his proposed petition under 28 U.S.C. § 2255 would be "frivolous" and/or "fail to state a claim on which relief may be granted" and thus subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) for the reasons that follow.

A petition under 28 U.S.C. § 2255(f) generally must be filed within one year of the date on which the judgment of conviction becomes final. Since the judgment in this case was entered in 1994 and never appealed, the general time period for filing a § 2255 motion expired over fifteen years ago in 1995. However, the time period can be extended to one year following "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Thus, Defendant's potential petition under 28 U.S.C. § 2255 is clearly out of time unless the Supreme Court recognized a new right in Padilla and intended that the rule be applied retroactively to cases on collateral review. Neither this District nor this Circuit have considered the retroactive

application of Padilla. However, the Court's research reveals that the District Courts which have considered the issue have, with one exception, ruled that Padilla does not apply retroactively. For instance, in United States v. Shafeek, CR No. 05-81129, 2010 WL 3789747 (E.D. Mich. Sept. 22, 2010), the Court, in a well-reasoned decision, concluded that the Supreme Court did not announce a "new rule" in Padilla and that retroactive application was not warranted under Teague v. Lane, 489 U.S. 288 (1989). See also United States v. Perez, No. 8:02CR296, 2010 WL 4643033 (D. Neb. Nov. 9, 2010); United States v. Gilbert, No. 2:03-cr-00349-WJM, 2010 WL 4134286 (D.N.J. Oct. 19, 2010); and Haddad v. United States, No. 07-12540, 2010 WL 2884645 at *6 (E.D. Mich. July 20, 2010) (predicting that it was "unlikely that Padilla will be made retroactive to convictions under collateral attack"); but see United States v. Chaidez, No. 03 CR 636-6, 2010 WL 3184150 (N.D. Ill. Aug. 11, 2010). Accordingly, based on this precedent, the Court concludes that retroactive application of Padilla to a final conviction which has not previously been the subject of collateral attack, as in this case, is not warranted.

Finally, even if Padilla applied, it would not appear to provide any relief to Defendant. This is not a case where Defendant was a lawful permanent resident convicted of a misdemeanor or other minor offense, such that the issue of potential deportation may have been a surprise. Rather, in this case, Defendant's original charges (a firearm charge and an immigration charge) were both premised on the fact that he was unlawfully in the United States. In fact, Defendant pled guilty with the assistance of experienced defense counsel to a violation of 18 U.S.C. § 922(g)(5) which makes it a felony offense for someone who is "illegally or unlawfully in the United States" to possess a firearm. Further, the plea agreement signed by Defendant describes the charge as "possession of firearm by an illegal alien." (Document No. 9) (emphasis added). Finally, prior to Defendant entering his

guilty plea at the November 10, 1993 change of plea hearing, the Government's attorney advised the Court in Defendant's presence that "[a]lthough it may be academic because the defendant is an illegal alien, there is <u>mandatory deportation</u> because it's a firearms offense." (Document No. 14 at p. 2) (emphasis added). Thus, Defendant's claim of lack of knowledge of the potential for deportation prior to his guilty plea is directly contradicted by the record.

**Conclusion**

For the foregoing reasons, I recommend that Defendant's Motion to Proceed IFP and for Appointment of Counsel to Pursue a Motion under 28 U.S.C. § 2255 (Document No. 15) be DENIED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. <u>See</u> Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. <u>See</u> <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603, 605 (1st Cir. 1980).

  <u>/s/ Lincoln D. Almond</u>
LINCOLN D. ALMOND
United States Magistrate Judge
December 8, 2010